UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HEALTHCARE SERVICES GROUP, INC. DERIVATIVE LITIGATION | Case No. 2:20-cv-03426-WB |

**PRELIMINARY APPROVAL AND SCHEDULING ORDER**

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Derivative Action") have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the proposed settlement ("Settlement") of the Derivative Action, in accordance with a Stipulation and Agreement of Settlement, dated April 6, 2022, which, together with the Exhibits thereto (the "Stipulation"), set forth the terms and conditions of the proposed Settlement and dismissal of the Derivative Action with prejudice upon the terms and conditions set forth therein; and (ii) approving the form and content of the Notice to Current HCSG Stockholders of pendency and proposed settlement of shareholder derivative actions (the "Notice"), and (iii) setting a date for the final Settlement hearing;

WHEREAS, plaintiffs in related shareholder derivative actions, *Reisman, et al. v. Wahl, et al.*, No. 2021-03255 (Bucks County Ct. Com. Pl.), and *Berezin, et al. v. Wahl, et al.*, No. 2021-03366 (Bucks County Ct. Com. Pl.), pending before the Court of Common Pleas of Bucks County, Pennsylvania (collectively the "State Court Actions") are parties to the Stipulation;

WHEREAS, the Settlement is the product of serious, informed, non-collusive negotiations reached with the assistance of a nationally-recognized mediator of JAMS and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto;

**IT IS THEREFORE ORDERED**:

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the terms of the Settlement set forth therein.

2. The final Settlement Hearing shall be held before the United States District Court for the Eastern District of Pennsylvania, on June 15th at 12 p.m. before the Honorable Wendy Beetlestone in Courtroom 10A of the United States District Court for the Eastern District of Pennsylvania, 5614 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to: (1) determine whether the terms of the Settlement should be approved as fair, reasonable, and adequate; (2) consider any objections to the Settlement submitted in accordance with the Notice; (3) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D to the Stipulation, should be entered, dismissing the Derivative Action with prejudice and releasing the Released Claims against the Released Parties; (4) determine whether the agreed-to Fee and Expense Award for Plaintiffs' Counsel should be approved as fair, reasonable, and adequate; (5) determine whether any Service Awards applied for by Plaintiffs should be approved as fair and reasonable; and (6) consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. This Court approves, as to form and content, the Notice, annexed as Exhibit B to the Stipulation, and finds that the filing of the Stipulation and publication of the Notice substantially in the manner and form set forth in ¶3.2 of the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the

circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement.

4. Within ten (10) business days of the Court's entry of this Preliminary Approval and Scheduling Order, Defendants shall: (i) issue a press release about this Preliminary Approval Order and Notice; (ii) cause the Company to file a Current Report on Form 8-K with the U.S. Securities and Exchange Commission announcing the Settlement and attaching the Notice; and (iii) cause HCSG to post a link to the Notice and Stipulation on the "Investors" section of its website, which posting shall be maintained through the date of the Settlement Hearing.

5. All costs incurred in the publication of the Notice shall be paid or caused to be paid by HCSG.

6. At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court proof, by affidavit or declaration, that the approved Notice process set forth in ¶3.2 of the Stipulation has been fully undertaken.

7. All Current HCSG Stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current HCSG Stockholders.

8. Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any Current HCSG Stockholders or other Persons, derivatively on behalf of HCSG, shall commence or prosecute against any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

9. All papers in support of the Settlement shall be filed with the Court and served at least five (5) calendar days prior to the Settlement Hearing.

10. Any Current HCSG Stockholder and beneficial owners of common stock of HCSG as of the date of entry of this Order, may object and/or appear and show cause if he, she, or it has any reason why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Award should not be finally approved; provided, however, that unless otherwise ordered by the Court, no Current HCSG Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, ***at least ten (10) business days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court and served the following counsel whose addresses are listed below (delivered by hand or sent by first class mail) a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of HCSG common stock through the date of the Settlement Hearing, including the number of shares of HCSG common stock owned and date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the Stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current HCSG Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current HCSG Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice,

proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

*Counsel for Plaintiffs:*

Gina M. Serra
RIGRODSKY LAW, P.A.
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
E-mail: gms@rl-legal.com

Jonathan M. Zimmerman (PA Bar No. 322668)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
E-mail: jzimmerman@scott-scott.com

*Counsel for Defendants:*

Robert Hickok
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Philadelphia, Pennsylvania 19103
Telephone: (215) 981-4583

      11.    Any Current HCSG Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the

Stipulation.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be used by any other person in any other actions or proceedings, whether civil, criminal, or administrative as evidence or otherwise. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

13. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Actions will revert to their status as of the date immediately preceding the date of the Stipulation.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current HCSG Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current HCSG Stockholders.

**BY THE COURT:**

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**