UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HEALTHCARE SERVICES GROUP, INC. DERIVATIVE LITIGATION | Case No. 2:20-cv-03426 |

## ORDER AND FINAL JUDGMENT

**AND NOW**, this July 27th, 2022 pursuant to the Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated June 8, 2022 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated April 6, 2022, and the exhibits thereto (the "Stipulation"), due and adequate notice having been given to the Current HCSG Stockholders as required in said Preliminary Approval Order, and the Court having reviewed and considered all documents, evidence, and arguments presented by Motion and at a hearing on July 26, 2002 in support of the Settlement and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, for the reasons set forth in the Opinion accompanying this Order:

1. Unless otherwise stated herein, all capitalized terms contained in this Final Order and Judgment shall have the same meaning and effect as stated in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned consolidated shareholder derivative action (the "Derivative Action") and over the Settling Parties to the Derivative Action.

3. This Court hereby approves the Settlement set forth in the Stipulation that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, HCSG, and Current HCSG Stockholders, finds that the Settlement set forth in the Stipulation provides

substantial benefits to HCSG, and orders Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

4. This Court hereby dismisses the Derivative Action, all claims contained therein, and the Released Claims on the merits and with prejudice. As among Plaintiffs, HCSG, and the Individual Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, all Settling Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against all Released Parties, and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date hereof, the Settling Parties are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties as set forth in and in accordance with the terms of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. The Court finds that the Notice to Current HCSG Stockholders of pendency and proposed settlement of shareholder derivative actions (the "Notice") was given in accordance with the Preliminary Approval Order, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to all persons entitled to such notice, and said Notice fully satisfied the requirement of Federal Rule of Civil Procedures 23.1, the requirements of federal law, and due process.

8. The Court finds that the Fee and Expense Award in the amount of one million dollars ($1,000,000.00) as set out in the Stipulation is fair and reasonable and finally approves the Fee and Expense Award in accordance with the terms of the Stipulation. The Court hereby also approves Service Awards in the amount of one thousand five hundred dollars ($1,500.00) for each of the Plaintiffs, to be paid solely out of the Fee and Expense Award.

9. During the course of the litigation of the Derivative Action, all Settling Parties and their counsel acted in good faith and complied with Federal Rule Civil Procedure 11 and any similar Rule or statue.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Parties for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Plaintiffs or any HCSG stockholder of any infirmity in the claims asserted in the Complaints; or (c) an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that the Clerk of Court shall terminate this matter and mark it **CLOSED**.

**IT IS SO ORDERED:**

/S/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**